IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUBEN CUEVAS, | ) | |
| | ) | Civil Action No. 09 - 43J |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Plaintiff, Ruben Cuevas is a federal prisoner who was confined at the Federal Correctional Institution in Loretto, Pennsylvania (FCI- Loretto) from June 24, 2004 until he was transferred to the Federal Medical Center at Devens, Massachusetts (FMC-Devens) on or about January 24, 2008.  He brings this suit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq*. (FTCA) complaining about medical treatment he received while he was confined at FCI-Loretto.  Specifically, Plaintiff contends that on or about May 17, 2007, while housed at FCI Loretto, he fell in the Southeast Unit bathroom and broke his left foot. He was minimally treated with bandages and pain killers thereafter. Four months later Plaintiff was seen by an Orthopedic surgeon, who determined that his foot was broken in several places. Plaintiff asserts that bone graft surgery was medically necessary, but to date, he has not received the required surgery to his foot.  He claims this lack of treatment has resulted in pain and suffering, and that medical staff at FCI Loretto have put him at serious risk in delaying treatment because he is a diabetic.  Plaintiff seeks $2,000,000 in damages.  Defendant filed a motion for summary judgment wherein it contends that Plaintiff's FTCA claims of medical malpractice must be dismissed because he failed to substantiate his claims with expert medical testimony as required

under Pennsylvania law.  Upon review, this Court agrees that Plaintiff's FTCA claims must be dismissed on this basis.  An appropriate Order will be entered.

### A. Standard of Review - Summary Judgment

Pursuant to Fed. R. Civ. P 56(c), summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law.  To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material.  *Id*. The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well.  Whiteland Woods, L.P. v. Township of West Whiteland, 193 F.3d 177, 180 (3d Cir. 1999), Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Specifically, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Further, the nonmoving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).  The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact

concerning every element as to which the non-moving party will bear the burden of proof at trial." Simpson v. Kay Jewelers, Div. Of Sterling, Inc., 142 F.3d 639, 643 n. 3 (3d Cir. 1998). Moreover, the non-moving party cannot defeat a well supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his pleadings. Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989).

## B. Facts

In support of the  motion for summary judgment, Defendant filed a Concise Statement of Material Facts (doc. no. 38). The Local Rules of the United States District Court for the Western District of Pennsylvania require that Plaintiff file a responsive "concise statement which responds to each numbered paragraph in the moving party's [statement of facts] by ... admitting or denying whether each fact contained [in the movant's statement of facts] ... is undisputed and/or material ... setting forth the basis for the denial if any fact ... is not admitted in its entirety, with appropriate reference to the record ..." *See* L.R. 56.1(C)(1)(a) & (b).  Under our Local Rules. material facts set forth in a moving party's statement of facts will be deemed admitted for the purpose of deciding the motion for summary judgment "unless specifically denied or otherwise controverted by a separate concise statement of the opposing party."  See L.R. 56.1(E).

Plaintiff's response to Defendant's Motion does not contain any basis for any of denial of a fact and also fails to reference the record for each such denial (doc. no. 42).  Though this Court must give certain latitude to a *pro se* litigant, it is not for the Court to sort through the entire record to determine the basis of an alleged disputed fact.  As Plaintiff has failed to comply with our local rules, Defendant's Statement of Facts as set forth in doc. no. 38 are admitted as true and correct.

C. Plaintiff's Claims under the Federal Tort Claims Act

The FTCA allows private individuals to bring suits against the United States for torts committed by its employees acting within the scope of their employment. *See* Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971). Under the FTCA, the United States may be held liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. A federal district court addressing an FTCA action is required to apply the law of the state in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b). The complained of action occurred at FCI Loretto, which is located in Pennsylvania. Thus, liability in this action will be determined by the laws of negligence and medical malpractice in Pennsylvania. *See, e.g.*, Wooding v. United States, Civil Action No. 05-1681, 2007 WL 951494, at *3, n.6 (W.D. Pa. March 27, 2007).

Under Pennsylvania law, a plaintiff is required to show that the defendant's negligence was the proximate cause of his injury by a preponderance of the evidence. Baum v. United States, 541 F.Supp. 1349, 1351 (M.D. Pa. 1982). In order to present a *prima facie* case of medical malpractice/negligence under Pennsylvania law, a plaintiff has the burden of presenting expert opinions that the alleged act or omission of the defendant physician or hospital personnel fell below the appropriate standard of care in the community, and that the negligent conduct caused the injuries for which recovery is sought. Toogood v. Rogal, 573 Pa. 245, 824 A.2d 1140, 1145 (Pa. 2003) (holding that because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons a medical malpractice plaintiff must present expert testimony to establish a prima facie case of medical malpractice). The only exception to this requirement is when a matter is so simple or the lack of skill or care is so

obvious as to be within the range of experience and comprehension of even non-professional persons. Hightower-Warren v. Silk, 548 Pa. 459, 698 A.2d 52, 54 n. 1 (Pa. 1997). The Pennsylvania Supreme Court has indicated that this "very narrow exception" is implicated only in instances of *res ipsa loquitur*. Toogood, 824 A.2d at 1145. In this case, Plaintiff is attempting to prove that his fractured left foot should have been diagnosed on May 18, 2007, that the recommended surgery should have been performed and that, and as a result of these delays, he suffered injuries including a permanently deformed foot. Because this determination involves complex issues of medical care, the narrow exception does not apply to this case.

As Defendant points out, allegations of medical malpractice generally may not be proven without the testimony of an expert witness who will testify, to a reasonable degree of medical certainty, that the act of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered. Gindraw v. Dendler, 967 F. Supp. 833, 837 (E.D. Pa. 1997). To this end, Pennsylvania Rule of Civil Procedure 1042.3 requires that a plaintiff file a certificate of merit (COM) from a medical expert with respect to a professional negligence claim against the United States. The COM requirement of Rule 1042.3 applies to cases filed in federal court and also applies to incarcerated and *pro se* plaintiffs. *See* Perez v. Griffin, Civil Action No. 1:06-1468, 2008 WL 2383072, * 3 (M.D. Pa. Jun. 9, 2008) (holding that the Pennsylvania COM requirement applied to a FTCA claim brought in federal court), *aff'd*, 304 Fed. App'x 72 (3d Cir. 2008). The COM requirement requires that an appropriate licensed professional supply a written statement that there exists a reasonable probability that the care, skill or knowledge experienced or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that the actions were the cause of harm suffered by the plaintiff. Pa. Rule Civil. Proc.

1042.3(a)(1).  If a Plaintiff fails to file the required certificate within sixty (60) days of filing the

complaint, the Defendant may file a *praecipe* for entry of a judgment of *non pros*.  Pa. Rule

Civil. Proc. 1042.6.

In the instant case, Plaintiff was required to file a COM producing expert testimony that

Defendant was negligent in the diagnosis and treatment of his foot injury.  The undisputed

record reflects that Plaintiff neither filed a COM nor requested an extension of time in which to

do so. Under Pennsylvania law, a court may consider two equitable exceptions when a plaintiff

has improperly failed to file a COM:  whether the plaintiff has substantially complied with Rule

1042.3 and whether the plaintiff has offered a reasonable explanation or legitimate excuse for

failure to comply.  Ramos v. Quien, 631 F.Supp.2d 601, 611 (E.D. Pa. 2008) (quoting Womer

v. Hilliker, 589 Pa. 256, 908 A.2d 269, 279-80 (Pa. 2006)).  *See also* Perez, 304 Fed. App'x at

74 (holding that unless a plaintiff can show a reasonable explanation or legitimate excuse for his

failure to timely file a COM, his FTCA medical malpractice claim is subject to dismissal without

prejudice).

In the instant case, in response to the United States' interrogatory asking him to identify

any expert witness, Plaintiff provided as follows.

> The plaintiff would call radiologist Carolyn Dupuis M.D. and
> Radiologist Mona Korgaonkar M.D. who would be expected to
> testify that plaintiff did suffered [sic] several fractures to his foot
> as a result of this incident. Plaintiff would also call Sandra
> Howard, who is the medical director at FMC Devens in that she
> was the initial requester of these documents and had knowledge
> of plaintiff's condition but has failed to act responsibly in this
> matter. The two above named radiologists work for UMASS
> Memorial Health Care.  The documents are the result of a
> non-contrast CT of the left foot performed by the two
> radiologists.

Doc. No. 36-12, p. 2.  In response to Defendant's requests for production of his expert reports,

Plaintiff produced x-rays and a copy of a final report from a non-contrast CT detailing the

findings and impressions of the study prepared by Drs. Dupuis and Korgaenkar (doc. no. 36-12,

pp. 4-20).

Neither Dr. Dupuis nor Dr. Korgaenkar have provided any written report or statement

concerning their opinion regarding the cause of Plaintiff's fractures or the effect of the allegedly

delayed diagnosis of the fractures.  Nor has Dr. Howard submitted any written report on

Plaintiff's behalf.  In fact, she submitted a Declaration on behalf of the United States in which

she opined that Plaintiff received appropriate treatment for his left foot at FCI Loretto (doc. no.

36-1, p. 26) ("In my opinion, when Plaintiff initially presented with complaints of ankle and foot

pain on May 18, 2007, PA Golden responded appropriately.").

As such, Plaintiff has not demonstrated by any expert report or testimony that there exists

a reasonable probability that the care, skill or knowledge experienced or exhibited in the

treatment, practice or work that is the subject of his Complaint fell outside acceptable

professional standards and that such actions were the cause of harm suffered by Plaintiff.

Consequently, Defendant is entitled to summary judgment.  *Accord* Hodge v. U.S. Dept. of

Justice, Civil No. 09-3723, 2010 WL 1141387 (3d Cir. March 25, 2010) (affirming District

Court's dismissal of FTCA claims of medical malpractice because Plaintiff failed to file a

certificate of merit as required under Pennsylvania law); Plaintiff v. U.S., Civil No. 4:08-1956,

2010 WL 1329001 (M.D. Pa. March 29, 2010) (same).  *See also* Maresca v. Mancall, 135 Fed.

App'x 529, 531 (3d Cir. 2005) (per curiam) (affirming summary judgment in favor of the

defendant because the testimony of patient's medical expert failed to articulate an opinion to any

degree of medical certainty that either physician or hospital breached any requisite standard of

care or caused harm); <u>Wooding</u>, 2007 WL 951494, at * 5 (granting the United States' motion

for summary judgment as to plaintiff's medical malpractice claim under the FTCA because

plaintiff failed to provide the requisite expert testimony); <u>Osorno v. United States</u>, No. 04-259E,

2007 WL 2008498 (W.D.  Pa. July 5, 2007) (same).  An appropriate Order will be entered.

 

LISA PUPO LENIHAN

April 27, 2010                                             U.S. Magistrate Judge


cc:    Ruben Cuevas
      41121-018
      F.M.C. Devens
      P.O. Box 879
      Ayer, MA 01432-0879